## WILLIAM SANDERS *versus* JONATHAN RICHARDSON

Where the defendant, having the title to certain land, gave the plaintiff a bond stating
that the plaintiff was in possession of the land and was to keep possession, and was
to pay the defendant a certain sum of money in one year from the date, and the
condition of the bond was, that the defendant should deliver to the plaintiff a deed of
the land after the plaintiff should have performed what on his part was to be done,
and the plaintiff continued in possession after the expiration of the year without pay-
ing the money, it was *held*, that he was not a tenant at will but merely a tenant at
sufferance.

TRESPASS for breaking and entering the plaintiff's close in
July 1827 and subsequently, and cutting and carrying away the
plaintiff's grass and trees therein growing.

The defendant pleads, that the *locus in quo* was his soil and
freehold.

The plaintiff replies, that the defendant, by his writing ob-
ligatory, dated December 1, 1824, demised the close to the
plaintiff to hold as tenant at will, and that the defendant com-
mitted the trespasses during the continuance of the lease.

The bond above mentioned states that the defendant has
taken a deed of the land from Jacob Sanders ; that the plain-
tiff is in possession and is to keep possession of the same, and
is to cut off the timber that is fit to saw, and carry the same
to the defendant's mill in order that the defendant may have
the profit of sawing the same, and that the plaintiff is to pay
the defendant the sum of 110 dollars and interest in one year
from the date ; and the condition is, that the defendant shall
deliver to the plaintiff a warranty deed of the land, after the
plaintiff shall have performed what on his part is to be done.

· The defendant, after oyer of the bond, demurs ; and the
plaintiff joins in demurrer.

*Oct. 19th.*    Hoar and *G. F. Farley* supported the demurrer.

*H. H. Fuller* and *B. Russell* argued for the plaintiff.

*April term*    PUTNAM J. delivered the opinion of the Court.    The coun-
*1834.*
sel for the plaintiff rests the cause on the point that this was
a tenancy at will, continuing, and has contended, that the lessee
may maintain trespass *quare clausum* against his landlord, under
the facts set forth in the pleadings.    But the labor and learning
bestowed upon this point cannot be considered to be material in

the case before us, as we are all clearly of opinion that the plaintiff was not a tenant at will but a tenant at sufferance *merely*, after the non-performance of the things which should have been performed and the expiration of the year within which the plaintiff should have fulfilled the contract. It follows, therefore, that the defendant's rejoinder is good, and that the defendant shall recover his costs.